UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTHCAROLINA
STATESVILLE DIVISION
5:14-cv-112-RJC

| LISA JUMPER, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Judgment on the Pleadings, (Doc. No. 13), and Memorandum in Support, (Doc. No. 14); Defendant's Motion for Judgment on the Pleadings, (Doc. No. 15), and Memorandum in Support, (Doc. No. 16); Plaintiff's Reply to Defendant's Motion for Judgment on the Pleadings, (Doc. No. 17); Defendant's Supplemental Memorandum, (Doc. No. 20); and Plaintiff's Supplemental Memorandum, (Doc. No. 21). This matter is ripe for review.

## I. BACKGROUND

A. Procedural Background

Plaintiff Lisa D. Jumper ("Plaintiff") seeks judicial review of the Commissioner's denial of her applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), and for supplemental security income ("SSI") under Title XVI of the Act. (Doc. No. 1). Plaintiff protectively filed applications for DIB and SSI on April 25, 2011, alleging disability since August 31, 2004. (Tr. 22, 211, 215). Plaintiff's applications were denied initially on July 27, 2011, (Tr. 142, 151), and upon reconsideration on January 9,

1

2012. (Tr. 161, 169). An Administrative Law Judge ("ALJ") held a hearing on December 19, 2012, at which Plaintiff, a witness for Plaintiff, and an impartial vocational expert ("VE") appeared. (Tr. 31). On May 31, 2013, the ALJ decided that Plaintiff was not disabled within the meaning of the Act since August 31, 2004. (Tr. 30). The Appeals Council denied Plaintiff's request for review on February 11, 2014, making the ALJ's decision the final decision of the Commissioner. (Tr. 10).

B. Factual Background

The question before the ALJ was whether Plaintiff was disabled under Sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. (Tr. 22). After reviewing the evidence, the ALJ concluded that Plaintiff "has not been under a disability within the meaning of the Social Security Act from April 25, 2011, her application date for Title XVI." (Id.)

To determine whether a claimant is disabled, the Act established a five-step sequential evaluation process. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity – if yes, the claimant is found to be not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 – if no, then the claimant is found to be not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in Appendix 1 and meets the duration requirement – if yes, the claimant is found to be disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform his or her

2

past relevant work – if yes, the claimant is found to be not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience, he or she can make an adjustment to other work – if yes, the claimant is found to be not disabled.

See 20 C.F.R. § 404.1520(a)(4)(i-v).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 24). At step two, the ALJ found that the Plaintiff had the following severe, medically determinable impairments: bipolar disorder; major depressive disorder; generalized anxiety disorder; post-traumatic stress disorder; status post rotator cuff surgery; status post left hip fracture; status post right collarbone fracture; and obesity. (Id.) (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that met or equaled one of the conditions in the Listings of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 25).

Next, the ALJ determined that Plaintiff had the RFC to perform:

> [A] reduced range of light work with the need to use a cane to ambulate when outside; no more than occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl; no climbing ladders, ropes, or scaffolds; no reaching overhead with the right upper extremity, but can occasionally reach overhead with the left upper extremity; limited to performing simple, routine tasks; tolerate frequent contact with supervisors and coworkers and occasional contact with the public; and make no more than occasional work-related decisions.

(Tr. 26). At step four, the ALJ found that Plaintiff could not perform her past relevant work. (Tr. 29). At step five, however, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Id.) (citing 20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, 416.969(a)). Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act from August 31, 2004, through May 31, 2013. (Tr. 30).

3

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence….").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial

evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

III.   **DISCUSSION**

On appeal to this Court, Plaintiff argues that the ALJ erred as a matter of law in denying her claims on a single ground. Plaintiff alleges that the ALJ did not identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by the VE and information in the Dictionary of Occupational Titles (DOT), including its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO), published by the Department of Labor, or explain how any conflict that has been identified was resolved. (Doc. No. 14 at 1-2) (citing SSR 00-4P, 2000 WL 1898704 (Dec. 4, 2000)). This Court requested supplemental briefing regarding the Fourth Circuit's holdings in Mascio v. Colvin. 780 F.3d 632 (2015). In supplemental briefing, both parties agreed that Mascio does not require remand in this case.

Mascio v. Colvin requires remand whenever: (1) the ALJ fails to conduct a function-by-function analysis in assessing the claimant's RFC; (2) the ALJ fails to explain the reason for excluding any limitation for concentration, persistence, or pace in the hypothetical to the vocational expert; or (3) the ALJ determines the claimant's RFC before assessing her credibility. Id. The Court finds that Mascio is not implicated in this case.

   A.   Whether the ALJ erred by not identifying and obtaining a reasonable explanation for conflicts between the occupational evidence provided by the VE and information in the DOT.

SSR 00-4P requires that ALJs identify and resolve conflicts between VE testimony and the DOT before relying on the VE testimony to support a determination or decision about the claimant's disability status. SSR 00-4P, 2000 WL 1898704, at *2 (Dec. 4, 2000). Here, the ALJ

5

noted in the Plaintiff's RFC, (Tr. 26), and in the hypothetical question presented to the VE, that the Plaintiff could not reach overhead with the right upper extremity, and could reach overhead with the left upper extremity only on occasion. (Tr. 68). The VE offered three jobs that she deemed suitable for a person with the Plaintiff's RFC. These were an Assembly-Machine Tender (DOT 754.685-014), an Office Helper (DOT 239.567-010)[1], and a Machine Packager (DOT 920.685-078)[2]. (Tr. 69-70). All three of these jobs include the requirement of frequent reaching. See (Doc. Nos. 14-1, 14-3, 14-4). The DOT's recognition of frequent reaching differs from the VE testimony, prompted by a hypothetical strictly limiting Plaintiff's ability to reach overhead, therefore the ALJ had an obligation to identify this conflict and to determine a reasonable explanation for it. See SSR 00-4P, 2000 WL 1898704, at *2 (Dec. 4, 2000).

The Defendant argues that there is no "apparent unresolved conflict" for the ALJ to resolve. (Doc. No. 16 at 5-6). First, Defendant argues that there is no apparent conflict because the conflict was not identified at the hearing. (Doc. No. 16 at 6). Defendant contends that Plaintiff was given the opportunity to examine the VE, but indicated that she did not have any questions; thus, the Plaintiff agreed that there was no apparent conflict at the initial hearing. Additionally, the Defendant argues that there is no apparent conflict between "overhead reaching" and "reaching in general," as the Plaintiff alleges. (Doc. No. 16 at 5); see SSR 85-15, 1985 WL 56857 (Jan. 1, 1985) (defines reaching: "Reaching . . . require[s] progressively finer usage of the upper extremities to perform work-related activities. Reaching (extending the hands and arms in any direction) . . . [is an] activit[y] required in almost all jobs. Significant limitations

---

[1] The VE erroneously stated that the DOT number for an Office Helper was 239.367-010. (Tr. 69). Plaintiff concedes this is harmless error. (Doc. No. 14 at 13 n.3).

[2] The VE referenced a "packaging and filling machine tender" at DOT 920.685-078. (Tr. 69-70). It seems as though she intended to reference a Machine Packager, since she noted that the job was "medium in designation in the Dictionary of Occupational Titles," (Tr. 70), which is true of a Machine Packager, but not of a Filling Machine Tender (DOT 524.685-030). See (Doc. Nos. 14-2, 14-3). As Plaintiff noted, both of these jobs require frequent reaching, and therefore conflict with the hypothetical posed to the VE. See id.

of reaching . . . therefore, may eliminate a large number of occupations a person could otherwise do. Varying degrees of limitations would have different effects . . . ."). In arguing this particular point, the Defendant cites to Ross v. Colvin, in which this Court previously held that there was no apparent conflict between overhead reaching and general reaching because the plaintiff, in that case, failed to present evidence that the jobs in dispute required frequent overhead reaching as opposed to frequent reaching in general. No. 1:12-cv-319-RJC, 2013 WL 4495138, at *3 (W.D.N.C. Aug. 20, 2013).

This issue generally would be precluded for the Plaintiff's failure to raise it at the initial hearing. See Arant v. Astrue, No. 3:12-cv-270-RJC-DSC, 2012 WL 6864960, at *3 (W.D.N.C. October 30, 2012), report and recommendation adopted, No. 3:12-cv-270-RJC-DSC, 2013 WL 170435; Mosteller v. Astrue, No. 5:08-cv-003-RLV-DCK, 2010 WL 5317335, at *4-5 (W.D.N.C. July 26, 2010), report and recommendation adopted, No. 5:08-cv-003-RLV-DCK, 2010 WL 5340600. Here, however, the Plaintiff was unrepresented at the initial hearing. The ALJ has a duty to assume a more active role in helping the Plaintiff to develop the record when the Plaintiff is pro se. See Sims v. Harris, 631 F.2d 26, 28 (4th Cir. 1980). Regardless of the sufficiency of the waiver of counsel by a claimant, the ALJ has a heightened duty to ensure a full and fair hearing for a pro se claimant. Stahl v. Commissioner of Social Security Admin., No. 2:07-cv-19, 2008 WL 2565895, at *5 (N.D. W. Va. June 26, 2008) (citing 20 C.F.R. §§ 404.927, 416.1441). While lack of representation does not by itself indicate that a hearing was not full and fair, remand is still proper where lack of representation created a clear prejudice or unfairness to the claimant. Sims, 631 F.2d at 27-28.

In this case, there was clear prejudice to the Plaintiff. Although the ALJ did assist in developing the record by offering to obtain certain medical records and by asking the VE if her

7

testimony was consistent with the DOT, the Plaintiff was still prejudiced by her lack of counsel. The ALJ explained the advantages of representation to the Plaintiff, but this explanation did not touch upon the Plaintiff's right to cross-examine the VE nor the fact that the Plaintiff should familiarize herself with the DOT. (Tr. 35). Additionally, there were three instances during the VE testimony in which the ALJ asked Plaintiff if she "had any questions," but the ALJ did not indicate that this meant cross-examination questions for the VE, as opposed to general questions for the ALJ. (Tr. 65). Here, like in Clark v. Schweiker, 652 F.2d 399, 406 (5th Cir. Unit B 1981), the Plaintiff's lack of representation caused prejudice because the Plaintiff was not notified that she had the right to cross-examine the VE. An attorney could have brought up the conflict between VE testimony and the DOT descriptions on cross-examination, which would have then required an explanation from the VE, the ALJ, or both.

The Defendant's second contention that there is no apparent conflict between "overhead reaching" and "reaching in general," including the reference to Ross, has merit; however, the facts of this case warrant a different result. In Ross, the Plaintiff was represented by counsel at the initial hearing. 2013 WL 4495138, at *1. In this case, the Plaintiff was pro se at the initial hearing. For the same reasons discussed above, this Court finds that the Plaintiff was clearly prejudiced and did not have a full and fair opportunity to present evidence showing that the jobs in dispute required frequent overhead reaching as opposed to reaching in general.

## IV.     CONCLUSION

The Plaintiff was prejudiced by her lack of representation, and she did not receive a full and fair hearing. For these reasons, the Court finds that there is not substantial evidence to support the Commissioner's final decision; thus, remand is appropriate.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Judgment on the Pleadings, (Doc. No. 13), is **GRANTED**;

2. Defendant's Motion for Judgment on the Pleadings, (Doc. No. 15), is **DENIED**;

3. The Commissioner's decision is **REVERSED**; and

4. This matter is **REMANDED** for further proceedings consistent with this decision.

Signed: August 18, 2015

Robert J. Conrad, Jr.
United States District Judge